UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-20609-CIV-MORENO

FIRST EQUITABLE REALTY, III, LTD.,

    Plaintiff,

vs.

WILLIAM B. DICKSON,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS AS TO VENUE

The parties in this case were business partners until their relationship went awry. Litigation ensued in the Mississippi District Court among various entities, including the Plaintiff and Defendant in this case. Plaintiff subsequently filed this case for conversion, constructive fraud, and breach of fiduciary duty. The Court agrees with Defendant's motion to dismiss that venue is proper in Mississippi, as that was the first court to hear the parties' dispute. Accordingly, the Court dismisses this case under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 7)**, filed on **March 20, 2013**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED on the issue of venue.

### I. Background

Plaintiff, First Equitable Realty, III, Ltd. ("FER"), asserts state law claims for conversion,

constructive fraud, and breach of fiduciary duty against Defendant William B. Dickson, a resident of Mississippi.  Dickson is the corporate officer for Coastal Condos, LLC, which filed and subsequently dismissed a bankruptcy proceeding in Mississippi and re-filed for bankruptcy in Florida.

Defendant Dickson, the sole defendant in this case, is moving to dismiss FER's case.  First, FER argues the automatic stay for bankrutpcy under 11 U.S.C. § 362(a) applies to this case.  The Florida bankruptcy court has found the stay does not apply here.

Defendant Dickson also moves to dismiss arguing a lack of personal jurisdiction over him, the statute of frauds applies to bar this suit, a failure to join an indispensable party, a failure to state a claim for breach of a fiduciary relationship, improper venue, and *res judicata*.

A.  Factual Allegations

Dr. Charles Edwards is the principal of the Edwards Family Partnership, L.P., which owns and controls the Plaintiff, FER.  Defendant Dickson is the principal of Community Home Financial Services, a residential loan origination company, and Coastal Condos, LLC.  This is relevant because the relationship between the parties originally started with business between these related entities.  Starting in 2005, the Edwards Partnership and Community Home had business and contractual dealings.  The Edwards Partnership began financing and funding residential loans originated by Community Home, and Community Home would assign or mortgage its residential mortgage loan portfolio to the Edwards Partnership as security for the loans.  As the business relationship between the principals of Community Home (Dickson) and the Edwards Partnership (Edwards) developed, the entities entered into other joint business ventures.

The Edwards Partnership and FER became the target of numerous administrative and

regulatory complaints. One lawsuit was organized by a group of condominium owners at the Grand View Palace Condominium, where FER owned 72 units in Florida. The complaints against FER led to financial difficulties for the company. At this point, the complaint alleges that FER and Dickson agreed to transfer the 72 condominium units to a Dickson-controlled entity, which would hold the units for the benefit of FER.

Edwards was the original principal of Coastal Condos, but when the parties decided to transfer the 72 units, the parties agreed that Dickson was to own and control Coastal Condos. In turn, Coastal Condos would hold the 72 condominium units on behalf of and for the benefit of FER, until FER elected to terminate the custodian-trustee arrangement. The complaint alleges that FER deeded the 72 units to Coastal Condos, now under Dickson's control, and FER mortgaged the units for the agreed-upon transfer price of $15,800,000. The 72 units were then deeded to Coastal Condos based on the parties' estimated market value of $15,800,000. At FER's request, Coastal Condos executed a promissory note for $15,800,000 providing for interest only monthly payments of 5% and a mortgage in favor of FER. The 5% interest payment was equivalent to the rental income to be derived from the 72 units. Edwards and Dickson agreed the transaction would be cash neutral. In the event Dickson owed more in interest and management fees than generated by Coastal Condos' rental income, any net payment by Dickson would be repaid to Dickson or credited to his company, Community Home.

In consideration for the custodian agreement, the Edwards Partnership agreed to and purchased additional loan portfolios for Community Home to service and share in ultimate net profits. Dickson also obtained the right to use one of FER's waterfront vacation condominium units at the Grand View Palace Condominium. The agreement was in place for four years without

incident, until Community Home defaulted on its loan from the Edwards Partnership. In December 2011, the Edwards Partnership notified Community Home that a default would be declared if the loan defaults were not cured.

As the relationship deteriorated, Plaintiff FER alleges that Dickson diverted and attempted to steal the 72 condominium units by transferring the units to Victory Consulting Group, Inc., a Nevada corporation that Dickson formed. Plaintiff also alleges that Dickson placed a fraudulent mortgage in favor of Phalanx, Inc., an offshore Panamanian company he created.

On May 2, 2012, Community Home Financial Services, Inc., Coastal Condos, LLC, and William Dickson filed suit against the Edwards Family Partnership, Charles Edwards, FER and others in the United States District Court for the Southern District of Mississippi. A review of that complaint indicates that the transaction relating to the 72 units was at issue in that litigation. It does not appear from the records provided from that court proceeding that FER answered or counterclaimed in the Mississippi case. Edwards, as principal of FER, did answer the complaint in Mississippi.

Subsequently, FER filed a state court action in Florida against Coastal Condos, LLC, Victory Consulting, the recipient of the allegedly fraudulently transferred units, and Phalanx, the holder of the fraudulent mortgage. The action sought to set aside the transfers or to foreclose on the mortgage. Immediately after filing the action in Florida, Plaintiff alleges Dickson transferred the units back to Coastal Condos, LLC and directed Coastal Condos, LLC to file for chapter 11 bankruptcy in the Southern District of Mississippi. Plaintiff alleges Dickson took these actions to deprive it of its interest in the condominiums. On April 22, 2013, Coastal Condos agreed to voluntarily dismiss the bankruptcy case pending in Mississippi. Coastal Condos re-filed for bankruptcy in the Southern

District of Florida.

## II. Legal Standard and Analysis

### A. Venue

Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. *Manuel v. Convergy's Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "The first-filed rule holds that when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case." *United Wu Enters., Inc. v. Mon Cheri Bridals, LLC*, No. 05-cv-143-FtM-99SPC, 2007 WL 646964, *2 (M.D. Fla. Feb. 27, 2007). Moreover, the Eleventh Circuit requires that the party objecting to jurisdiction in the first-filed forum carry the burden of establishing "compelling circumstances" to warrant an exception to the first-filed rule. *Manuel*, 430 F.3d at 1135. The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings. *United Wu*, 2007 WL 646964, at *3.

Plaintiff argues venue is proper here instead of in Mississippi. The main argument Plaintiff presents to argue against dismissal is that there are other parties involved in the Mississippi litigation, in addition to FER and Dickson, and the substance of this case (i.e. the 72 condominium units) is tangential to the Mississippi action.

Given the considerations of judicial and litigant economy, and the just and effective disposition of the dispute, the first-filed rule takes precedence in this case. Both FER and Dickson are parties in the Mississippi action and there is no reason why the claims made by FER in this case cannot be raised as a counterclaim in the Mississippi case. Although the claims in this case are different, the underlying facts are intertwined. Therefore, the Court does not find Plaintiff has met

its burden to show a compelling circumstance warranting an exception to the first-filed rule and dismisses this case in favor of the Mississippi action.

Having found dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(3), the Court declines to analyze the other arguments presented in Defendant's motion to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this 7 day of October, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record